EL PASO REYCO, INC., et
al., Appellants,

v.

MALAYSIA BRITISH ASSURANCE,
et al., Appellees.

No. 08–89–00210–CV.

Court of Appeals of Texas,
El Paso.

April 3, 1991.
Rehearing Overruled May 1, 1991.

James F. Scherr, Law Offices of James F. Scherr, Charles Louis Roberts, El Paso, for appellants.

Stuart R. Schwartz, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, R. Wayne Pritchard, Ginnings, Birkelbach, Keith & Delgado, El Paso, Brian B. Frasch, Lillick & McHose, San Diego, Cal., for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

May a Texas court exercise jurisdiction over a foreign reinsurer that has never done business in this state, but which entered into a reinsurance agreement with a foreign primary insurer, now insolvent, that insured a Texas corporation against whom there is an outstanding final judgment which remains unpaid? We conclude that the answer is "Yes" and the trial court's order sustaining the special appearance of the foreign reinsurer is reversed and the case is remanded to the trial court for trial on the merits.

## Facts

In a prior suit, Linda Nabhan, individually and for her daughter, obtained a judgment against El Paso Reyco, Inc. for $95,000.00. Thereafter, those parties joined together in a suit against Pioneer for failure to defend and indemnify Reyco in the earlier suit. A jury found for Pioneer. But, after a new trial was granted, Pioneer became insolvent and a default judgment was entered against it for treble damages and attorney's fees. That judgment remains unpaid, and this suit seeks to recover on that judgment against Malaysia British, the reinsurer for Pioneer.

This suit was filed by El Paso Reyco, Inc. and Linda Nabhan, individually and as mother, managing conservator and next friend of Malessa Jean Williams complaining of Malaysia British Assurance Berhad of Kuala Lumpur and other defendants not now before the Court. It was alleged that in 1987, plaintiffs obtained a judgment against The Pioneer Insurance Company, Limited in the amount of $1,160,000.00. As shown by the affidavit of the chief executive officer of Malaysia British, that corporation is organized under the laws of Malaysia with its sole places of business in Kuala Lumpur, Malaysia and Hong Kong. It is not licensed to do business in Texas and has no officers, employees or agents in this state. It does not do business in this state and has never issued any insurance contracts or collected any premiums in this state. It owns no property in this state, has no bank account and no telephone listing in Texas and has never solicited business in this state. Through two reinsurance brokers, acting outside of the United States, Malaysia British provided reinsurance coverage as a reinsurer in favor of Pioneer Insurance Company as reinsured. This coverage apparently originated in July 1980 and was canceled in June 1981. The affidavit states it was canceled ab initio for non-payment of premiums.

The Memorandum of Reinsurance dated July 11, 1980 describes the "Class" of coverage for "Casualty Account" by stating:

> To accept a 75% Quota Share of all facultative business written in the Reinsured's Casualty Department in respect of risks and Assureds situated in U.S.A. and/or Canada including locations and/or additional Assureds situated elsewhere in the world when incidental to the main schedule.

In response to this suit, Malaysia British filed a special appearance to contest the trial court's jurisdiction as permitted by Tex.R.Civ.P. 120a. The answer was not by "sworn motion" as required by that Rule. The Appellants did not file a special exception to this defect as required by Tex.R. Civ.P. 90.

## Due Process Requirements

In *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C. et al.*, 34 Tex.Sup.Ct.J. 376 (Mar. 2, 1991), the Court noted under the federal constitution due process requirements require a court to inquire (1) whether the nonresident defendant has purposely established "minimum contacts" with the forum state; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice."

■ Under the first question, it is necessary to determine whether the nonresident has purposefully availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws. The exercise of personal jurisdiction is proper when the contacts proximately result from actions of the nonresident defendant which create a substantial connection with the forum state. With regard to insurance companies, "foreseeability" is especially pertinent because it will reflect the insurer's awareness that it has agreed to provide coverage for losses arising in the forum state. *Guardian Royal Exchange Assurance, Ltd.*

■ In this case, there can be no question but that the reinsurer, Malaysia British, knew that Pioneer Insurance Company, the primary carrier, would be writing casualty coverage within both the United States and Canada. Having lost the War of Northern Aggression, sometimes misla-

beled the Civil War, Texas remains a part of the United States. Thus, under the foreseeability test, Malaysia British knew that it very likely would have reinsurance coverage for policies issued by Pioneer to Texas residents, and that claims under those policies would be litigated in Texas courts. The claim which gives rise to this litigation arises out of coverage for a company located in Texas. Based upon these facts, we conclude that specific jurisdiction applies in this case.

■ Next, we consider whether the exercise of that jurisdiction comports with fair play and substantial justice. To decide that issue we are required to consider these factors: (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiffs' interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most convenient and efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* Unlike the facts in the *Guardian Royal* case, our dispute is not between two foreign insurers. In our case, Texas "has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant [country] in order to hold it legally accountable." *McGee v. International Life Insurance Company*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957). Granted, the defendant has an extra burden in appearing in what to it is a foreign court, but the interest of the forum state, the forum in which convenient and effective relief can be granted to residents of the state and the place for the most efficient resolution of this controversy compel the Texas courts to take jurisdiction of the dispute between these parties. We sustain Appellants' Points of Error Nos. One and Two.

In view of our determination that the trial court has jurisdiction over Malaysia British Assurance, the other points of error have become moot and need not be decided.

The order of the trial court sustaining the plea to its jurisdiction is reversed and the cause is remanded to the trial court.

## OPINION ON MOTION FOR REHEARING

Malaysia British Assurance asserts in its Motion for Rehearing that the facts in this case are identical to those in *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C. et al.*, 34 Tex.Sup. Ct.J. 376 (Mar. 2, 1991). It makes this argument on the basis that the Appellants filed their suit asserting an assignment of the claims of Pioneer Insurance Company. That is part of their claim. But the pleadings in the trial court assert that defendant (Malaysia British Assurance) is liable to plaintiffs and the plaintiffs assert their own claim for alleged violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. These pleadings present more than a claim between two carriers who have never done business in Texas.

The Motion for Rehearing is overruled.