**MALAYSIA BRITISH ASSURANCE, SDN, BHD, Kuala Lampur, Petitioners,**

v.

**EL PASO REYCO, INC., Linda Nabhan, Individually and as Mother, Managing Conservator and Next Friend of Malessa Jean Williams, James Scherr, and Joe Rey, Jr., Respondents.**

No. D–1126.

Supreme Court of Texas.

May 6, 1992.

**920**

R. Wayne Rritchard, El Paso, for petitioners.

Charles Louis Roberts, James F. Scherr, El Paso, for respondents.

## PER CURIAM.

The question in this case is whether a Texas court may exercise *in personam* jurisdiction over a foreign corporation solely because it reinsured a policy of insurance issued by another foreign corporation to cover a Texas resident. The district court answered no. The court of appeals disagreed. 808 S.W.2d 529. We agree with the district court.

Malaysia British Assurance Berhad of Kuala Lumpur is a Malaysian corporation engaged in the business of reinsurance with its sole place of business in Kuala Lumpur. Malaysia British reinsured risks originally insured by Pioneer Insurance

Company Limited, a Pakistani corporation with its office in Karachi, Pakistan. Pioneer insured El Paso Reyco, Inc., a Texas corporation which operated a water park in El Paso. Linda Nabhan, an El Paso resident, obtained a $95,000 judgment against Reyco for injuries which her daughter sustained at the park. Nabhan and Reyco then sued Pioneer for its failure to defend and indemnify Reyco. After the district court set aside a jury verdict in Pioneer's favor and ordered a new trial, Pioneer went into receivership, and Nabhan and Reyco obtained a $1,160,000 default judgment against it. Despite Pioneer's receivership, the district court, purportedly relying upon TEX.CIV.PRAC. & REM.CODE § 31.002, also assigned Nabhan and Reyco any right Pioneer had against its reinsurer, Malaysia British. Nabhan and Reyco then sued Malaysia British for breach of its reinsurance agreement with Pioneer, bad faith, and violations of the Texas Insurance Code and Deceptive Trade Practices–Consumer Protection Act.

Malaysia British entered a special appearance, establishing by affidavit that: it is not licensed to do business in Texas; it has never transacted business in Texas; it has no officers, employees, agents, bank accounts or telephone listings in Texas; and it has never solicited business, executed any contract, or collected any premium in Texas. The reinsurance agreement between Malaysia British and Pioneer was negotiated and executed outside the United States. Based upon these undisputed facts, the district court sustained the special appearance and dismissed the suit against Malaysia British for lack of jurisdiction.

In reversing the judgment of the district court, the court of appeals misapplied our decision in *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223 (Tex.1991). There we restated the general rule that a court's exercise of personal jurisdiction over a nonresident defendant depends upon "(1) whether the nonresident defendant has purposely established 'minimum contacts' with the forum state; and (2) if so, whether

the exercise of jurisdiction comports with 'fair play and substantial justice.'" *Id.* at 226, *citing Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). We then added that:

> when the nonresident defendant is an insurance company, the following factors, when appropriate, should be considered when determining whether the nonresident defendant has purposely established "minimum contacts" with the forum state: (a) the insurer's awareness that it was responsible to cover losses arising from a substantial subject of insurance regularly present in the forum state; and (b) the nature of the particular insurance contract and its coverage.

*Guardian Royal,* 815 S.W.2d at 227.

Applying these tests, we conclude that Malaysia British did not purposefully establish minimum contacts with Texas. The only connection Malaysia British ever had with Texas is that it agreed to pay Pioneer for claims which Pioneer paid its insureds, some of whom resided in Texas. The losses Malaysia British was responsible to cover were losses by Pioneer, a Pakistani corporation, not Pioneer's insureds. This twice-removed contact with Texas is not sufficient for *in personam* jurisdiction. *See Birmingham Fire Ins. Co. v. KOA Fire & Marine Ins. Co.,* 572 F.Supp. 969, 973–74 (S.D.N.Y.1983); *Safeway Trails, Inc. v. Stuyvesant Ins. Co,* 211 F.Supp. 227, 234 (M.D.N.C.1962).

■ The court of appeals reasoned that "Malaysia British knew that it very likely would have reinsurance coverage for policies issued by Pioneer to Texas residents, and that claims under those policies would be litigated in Texas courts." 808 S.W.2d at 531. This analysis misunderstands the nature of reinsurance. If, as in this case, the reinsurance contract allows only the reinsured company to bring a claim against the reinsurer, the original insureds have no basis for a claim against the reinsurer. *Morrow v. Burlington Basket Co.,* 66 S.W.2d 746, 748–49 (Tex.Civ.App.–Waco 1934, writ ref'd) ("The general rule is that, even after a loss under the original policy,

the person originally insured has no equitable lien or preferable claim upon the proceeds of the reinsurance"); *McFarling v. Mayfield,* 510 S.W.2d 108, 109 (Tex.Civ. App.–Beaumont 1974, writ ref'd n.r.e.); *Independence Co. v. Republican Nat. Life Ins. Co.,* 447 S.W.2d 462, 467 (Tex.Civ. App.–Dallas 1969, writ ref'd n.r.e.). Thus, there was no substantial connection between Malaysia British and Texas arising from any purposeful conduct of Malaysia British toward Texas. This case is distinguishable from *Guardian Royal,* where the foreign insurance company issued a policy covering its insured's Texas subsidiary.

The fact that Nabhan and Reyco obtained Pioneer's right to sue Malaysia British by judicial assignment does not strengthen their claim of jurisdiction. The assignment did not involve any purposeful conduct on the part of Malaysia British; rather, it was a "unilateral activity of another party or a third person" that cannot support jurisdiction. *Guardian Royal,* 815 S.W.2d at 226; *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

Accordingly, a majority of the Court grants the application for writ of error of Malaysia British and, without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the district court. TEX.R.APP.P. 170.