NO. 12-03-00026-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ALLIANZ RISK TRANSFER

(BERMUDA) LIMITED,
§
 APPEAL FROM THE 354TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


S.J. CAMP & COMPANY,

APPELLEE
§
 RAINS COUNTY, TEXAS







OPINION


 Allianz Risk Transfer (Bermuda) Limited ("Allianz Bermuda") appeals the trial court's
denial of its special appearance (1) in a suit brought by S.J. Camp & Company ("Camp"). Allianz
Bermuda raises one issue on appeal. We affirm.


Factual Background


 Camp is a reinsurance intermediary (2) located in Emory, Texas. In December 1999, National
Health Insurance Company ("NHIC") of Grand Prairie, Texas, contacted Camp regarding NHIC's
reinsurance needs. NHIC and Camp reached an agreement whereby Camp would act as the sole
reinsurance intermediary between NHIC, the reinsured, and a reinsurer. Subsequently, Camp began
seeking a reinsurer for NHIC, and contacted the Canadian firm of Dion, Durrell + Associates, Inc.
("Dion") in Toronto, Ontario. 

 In February 2000, Dion and Camp met with NHIC representatives at the NHIC offices in
Grand Prairie to discuss locating a reinsurer for NHIC. Dion eventually brought in Allianz Bermuda
as a possible reinsurer for NHIC. 

 On August 1, 2000, NHIC sent a letter to Camp (3) acknowledging that Camp was the only
authorized intermediary for obtaining reinsurance for NHIC during 1999, 2000 and 2001. The
August 1 letter further stated that Camp was the "broker of record" and that "this broker of record
letter extends to Dion, Durrell and Allianz Risk Transfer, Inc." On August 17, 2000, NHIC and
Allianz Bermuda reached an agreement concerning reinsurance. 

 On March 15, 2001, NHIC and Allianz Bermuda signed an annual renewal term reinsurance
agreement effective January 1, 2000. Although the contract showed Allianz Bermuda's address as
Hamilton, Bermuda, it further stated that the "claim reserve" under the contract would be established
by Texas law. The contract further stated that the Texas Department of Insurance would have
regulatory jurisdiction over the reinsurance agreement. Additionally, the contract stated that any
disputes between NHIC and Allianz Bermuda would be settled by arbitration hearings to be held in
Dallas, Texas or such other place as mutually agreed and that "any action to enforce any arbitration
award or to compel arbitration shall be brought only in the state courts in the State of Texas, to the
exclusion of all other courts." The contract continued, "The substantive laws of the State of Texas,
without regard to its conflict of laws rules, shall govern any action or suit brought to compel any
such arbitration or to enforce any award rendered pursuant to such arbitration." Allianz Bermuda
further agreed that if it failed to pay any amount determined to be due pursuant to an arbitration
award, it would submit to the jurisdiction of any court of competent jurisdiction within the United
States. Finally, the contract stated, "This agreement shall be interpreted in accordance with the laws
of the State of Texas" and contained a provision stating that "[t]here is no intermediary associated
with this business of this agreement. All reports and remittances are to be made directly between
the parties."

Procedural Background


 On July 22, 2002, Camp filed suit against NHIC, Dion, Allianz Risk Transfer, Inc., and
Allianz Bermuda (4) alleging that the defendants (1) had breached the agreement that Camp be the
reinsurance intermediary for NHIC during the years of 1999, 2000 and 2001, (2) had interfered with
Camp's existing contractual relations, and (3) had conspired to interfere with said contractual
relations. On August 16, 2000, Allianz Bermuda filed two separate instruments. The first
instrument, filed at 5:03 p.m., was a motion to transfer venue and, subject thereto, an original
answer. (5) The second instrument, a special appearance, was filed at 5:04 p.m. 

 Following a hearing, the trial court denied Allianz Bermuda's special appearance. The trial
court subsequently entered the following findings of fact and conclusions of law:



 Defendant Allianz Risk Transfer (Bermuda) Limited, by raising the issue of jurisdictional
defects, does not waive its special appearance.

 There is not sufficient continuous and systematic contacts by Defendant Allianz Risk
Transfer (Bermuda) Limited with the State of Texas, nor substantial enough contacts with
the State of Texas by this Defendant to give rise to general jurisdiction over a non-resident.

 There is not specific jurisdiction over this Defendant as to Plaintiff's causes of action based
on breach of contract. 

 For purposes of the Texas long-arm statute, a tort is committed where the resulting injury
occurs.

 Tortious interference with a contract or conspiracy to commit such interference could happen
without a tort-feasor ever physically coming to Texas or ever directly meeting the victim of
the tort.

 The State of Texas does have specific jurisdiction over Defendant Allianz Risk Transfer
(Bermuda) Limited as it relates to Plaintiff's causes of action sounding in tort. 



On appeal, Allianz Bermuda contends that the trial court erred in concluding that it had specific
jurisdiction over Allianz Bermuda. 


Standard of Review


 The plaintiff has the burden to plead a prima facia showing of jurisdiction. Haught v.
Agricultural Prod. Credit, 39 S.W.3d 252, 256 (Tex. App.-Tyler 2000, pet. denied). In a special
appearance, the nonresident defendant has the burden of proof to negate all bases of personal
jurisdiction. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex. 1985). On appeal, we
determine the special appearance on the basis of the pleadings, any stipulations by and between the
parties, such affidavits and attachments as may be filed by the parties, the result of discovery
processes, and any trial testimony. Tex. R. Civ. P. 120a; De Prins v. Van Damme, 953 S.W.2d 7,
18-19 (Tex. App.-Tyler 1997, pet. denied). Whether a court has personal jurisdiction over a
defendant is a question of law and, therefore, our review is de novo. See BMC Software Belgium,
N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). Texas courts may exercise jurisdiction over
nonresidents if they voluntarily submit to jurisdiction or if they may be held to answer under the
State's long-arm statute. See Moore v. Elektro-Mobil Technik Gambit, 874 S.W.2d 324, 327 (Tex.
App.-El Paso 1994, writ denied).


Texas Long-Arm Statute


 Before a Texas court may exercise jurisdiction over a nonresident defendant, two conditions
must exist: (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise
of jurisdiction is consistent with federal and state constitutional guarantees of due process. See
Schlobohm v. Schapiro, 784 S.W.2d 355, 356 (Tex. 1990). The Texas long-arm statute states as
follows: 


 In addition to other acts that may constitute doing business, a nonresident does business in this state
if the nonresident:


 (1) contracts by mail or otherwise with a Texas resident and either party is to
perform the contract in whole or in part in this state;


 (2) commits a tort in whole or in part in this state; or 


 (3) recruits Texas residents, directly or through an intermediary located in this
state, for employment inside or outside this state.


Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 1997).

 The broad language of Section 17.042 extends Texas courts' personal jurisdiction as far as
the federal constitutional requirements of due process will permit. BMC Software Belgium, N.V., 
83 S.W.3d at 795. Personal jurisdiction over nonresident defendants is constitutional when two
conditions are met: (1) the defendant has established minimum contacts with the forum state, and
(2) the exercise of jurisdiction comports with the traditional notions of fair play and substantial
justice. Id. (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158,
90 L. Ed. 2d 95 (1945)).


Waiver of Special Appearance


 Whenever a nonresident defendant makes a general appearance in a lawsuit by filing his
original answer before his sworn special appearance motion, his special appearance is waived. See
Grand American Co. v. Stocksdale, 523 S.W.2d 422, 423 (Tex. Civ. App.-Waco 1995, no writ). 
A party enters a general appearance whenever it invokes the judgment of the court on any question
other than the court's jurisdiction. Dawson-Austin v. Austin, 968 S.W.2d 319, 322 (Tex. 1998). 

 Texas Rule of Civil Procedure 120a specifically states, 


 Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any
other plea, pleading or motion; provided, however, that a motion to transfer venue and any other plea,
pleading or motion may be contained in the same instrument or filed subsequent thereto without
waiver of such special appearance ... .


Tex. R. Civ. P. 120a. A nonresident defendant's special appearance to challenge jurisdiction must
precede any other responsive pleading or the defendant will be deemed to have entered a general
appearance. See Exito Electronics, Co., Ltd. v. Trejo, 99 S.W.3d 360, 368 (Tex. App.-Corpus
Christi 2003, pet. filed); 1 William V. Dorsaneo, III, Texas Litigation Guide § 1.04 (2002). 

 In the instant case, Allianz Bermuda filed its motion to transfer venue and original answer
in a separate instrument prior to filing its special appearance. (6) When a special appearance contesting
the jurisdiction of Texas courts is entered, it must be filed according to the due order of pleadings. 
See Canales v. Estate of Canales, 683 S.W.2d 77, 80 (Tex. App.-San Antonio 1984, no writ). 
When Allianz Bermuda filed its motion to transfer venue and original answer at 5:03 p.m. on August
16, it made its special appearance, filed in a separate instrument one minute later, a nullity. 
Accordingly, we hold that Allianz Bermuda has made a general appearance in this suit, thereby
waiving its special appearance.

Due Process


 Even assuming that Allianz Bermuda had not waived its special appearance, the outcome of
the case would not differ. The first part of the due process analysis is whether the nonresident
defendant has purposely established "minimum contacts" with the forum state. See CSR Ltd. v.
Link, 925 S.W.2d 591, 594-95 (Tex. 1996). A nonresident defendant that has purposely availed
itself of the privileges and benefits of conducting business in the foreign jurisdiction has sufficient
contacts with the forum to confer personal jurisdiction. Id. (citing Burger King Corp. v. Rudzewicz,
471 U.S. 462, 475-76, 105 S. Ct. 2174, 2183-84, 85 L. Ed. 2d 528 (1985)). Because of the unique
and onerous burden placed upon a party called upon to defend a suit in a foreign legal system, the
minimum contacts analysis is particularly important when the defendant is from another country. 
BMC Software Belgium, N.V., 83 S.W.3d at 795.

 In the instant case, the trial court determined that it had specific jurisdiction over Allianz
Bermuda. Specific jurisdiction is established if the defendant's alleged liability arises from or is
related to an activity conducted within the forum. CSR Ltd., 925 S.W.2d at 595. When the
defendant is a commercial actor, it is important to determine whether his efforts were "purposely
directed" toward the forum state. Burger King Corp., 471 U.S. at 472, 105 S. Ct. at 2182. Specific
jurisdiction is also proper if the cause of action arises from a specific activity in the forum. See
Schlobohm, 784 S.W.2d at 357. 

 Here, Allianz Bermuda's reinsurance contract with NHIC, a Texas corporation, served to
sever any contractual obligations NHIC may have had with third party intermediaries. Camp, a
Texas corporation, was such an intermediary. Camp has alleged facts which, if proven, tend to
support that Allianz Bermuda was aware of Camp's reinsurance intermediary contract with NHIC. 
See Holloway v. Skinner, 898 S.W.2d 793, 795 (Tex. 1995) (tortious interference with a third
party's contract is actionable in Texas). 

 When it executed the March 15, 2001 reinsurance contract with NHIC, Allianz Bermuda
contemplated the possibilities of future legal action in Texas. In so doing, Allianz Bermuda not only
brought itself under the jurisdiction of Texas law, but also under the jurisdiction of Texas courts and
a Texas regulatory agency. Any legal activity stemming from this contract was heavily laden with
Texas interests. Thus, we conclude that Allianz Bermuda had more than sufficient minimum
contacts with Texas for any future suits stemming from the contract. 

 However, Allianz Bermuda contends that its reinsurance agreement with NHIC is similar to
the reinsurance agreement in Malaysia British Assurance, SDN, BHB v. El Paso Reyco, Inc., 830
S.W.2d 919 (Tex. 1992). In that case, Malaysia British of Kuala Lumpur, a Malaysian corporation,
had reinsured risks originally insured by Pioneer Insurance Company Ltd., a Pakistan corporation
with its office in Karachi, Pakistan. (7) Id. at 920. When Pioneer went into receivership, Reyco sued
Malaysia British in Texas. Id. The Texas Supreme Court determined that Malaysia British had not
purposely established minimum contacts with Texas. Id. at 921. The court reasoned that a twice-removed contract with Texas is not sufficient to establish jurisdiction. Id. 

 The instant case is distinguishable from El Paso Reyco, Inc. Here, Allianz Bermuda directly
contracted with NHIC, a Texas corporation. The insertion of the clause preventing any other
reinsurance intermediary in the reinsurance contract, if proven, was purposeful conduct towards
Camp, also a Texas corporation. Purposeful conduct by a foreign corporation towards a Texas
corporation can establish minimum contacts with Texas. See id. 

 We next evaluate Allianz Bermuda's contacts in light of other factors to determine whether
the assertion of personal jurisdiction comports with fair play and substantial justice. See Guardian
Royal Exch. v. English China, 815 S.W.2d 223, 228 (Tex. 1991) (citing Burger King Corp., 471
U.S. at 476, 105 S. Ct. at 2184). These factors include (1) the burden on the defendant, (2) the
interest of the foreign state in adjudicating the dispute, (3) the plaintiff's interests in obtaining
convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most
efficient resolution of controversies, and (5) the shared interest of the several states in furthering
fundamental substantive social policies. See Guardian Royal Exch., 815 S.W.2d at 228.

 First, it is clear that Allianz Bermuda had already contemplated possible legal action in Texas
when it signed the March 15, 2001 contract with NHIC. Second, Texas always has a strong interest
in protecting its corporations when a possible tort has been committed against one of them. See
Thompson v. Handa-Lopez, Inc., 998 F.Supp. 738, 745 (W.D. Texas 1998). Third, Camp, as a
Texas corporation with its principal place of business in Texas, can obtain the most convenient and
efficient relief in Texas courts. Fourth, Texas is the most efficient venue for the resolution of this
controversy because more parties in the case are from Texas than any other forum. (8) Accordingly,
we hold jurisdiction is allowed by the Texas long-arm statute and that the exercise of specific
jurisdiction by Texas courts against Allianz Bermuda in this case meets the federal constitutional
requirements of due process. 


Conclusion


 Allianz Bermuda's sole issue is overruled. The order of the trial court denying Allianz
Bermuda's special appearance is affirmed.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.






















(PUBLISH)
1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon Supp. 2003).
2. Camp engages in business with insurance companies who seek to reinsure policies they have written.
3. Footnote continued.


 the "August 1 letter".
4. Allianz Risk Transfer Inc. is a corporation organized under the laws of the State of New York with its
principal place of business in New York City. Allianz Bermuda is incorporated under the laws of Bermuda and is 

located in Hamilton, Bermuda. 
5. This motion to transfer venue and original answer was also joined by Allianz Risk Transfer, Inc.
6. We note that Allianz Bermuda's motion to transfer venue and original answer contained language that the
relief requested therein was made "subject to the [c]ourt's ruling on the Special Appearance...."
7. Pioneer had insured a Texas corporation's water park in El Paso. Id. at 920.
8. The fifth factor has no implications in this case.