**ALLIANZ RISK TRANSFER (BERMUDA) LIMITED,**
Appellant,

v.

**S.J. CAMP & COMPANY, Appellee.**

No. 12–03–00026–CV.

Court of Appeals of Texas,
Tyler.

Aug. 6, 2003.

David H. Timmins, Gardere Wynne Sewell LLP, Dallas, for appellant.

J. Brad McCampbell, Curtis, Alexnder, McCampbell & Morris, Emory, for appellee.

Panel consisted of WORTHEN, C.J., and GRIFFITH, J.

## OPINION ON MOTION FOR REHEARING

JAMES T. WORTHEN, Chief Justice.

Allianz Risk Transfer (Bermuda) Limited ("Allianz Bermuda") has filed a motion for rehearing, which is overruled. The opinion of May 30, 2003 is hereby withdrawn and the following opinion substituted in its place.

Allianz Bermuda appeals the trial court's denial of its special appearance[1] in a suit brought by S.J. Camp & Company ("Camp"). Allianz Bermuda raises one issue on appeal. We affirm.

FACTUAL BACKGROUND

Camp is a reinsurance intermediary[2] located in Emory, Texas. In December 1999, National Health Insurance Company ("NHIC") of Grand Prairie, Texas, contacted Camp regarding NHIC's reinsurance needs. NHIC and Camp reached an agreement whereby Camp would act as the sole reinsurance intermediary between NHIC, the reinsured, and a reinsurer. Subsequently, Camp began seeking a reinsurer for NHIC, and contacted the Canadian firm of Dion, Durrell + Associates, Inc. ("Dion") in Toronto, Ontario.

In February 2000, Dion and Camp met with NHIC representatives at the NHIC offices in Grand Prairie to discuss locating a reinsurer for NHIC. Dion eventually brought in Allianz Bermuda as a possible reinsurer for NHIC.

On August 1, 2000, NHIC sent a letter to Camp (the "August 1 letter") acknowledging that Camp was the only authorized intermediary for obtaining reinsurance for NHIC during 1999, 2000 and 2001. The August 1 letter further stated that Camp was the "broker of record" and that "this broker of record letter extends to Dion, Durrell and Allianz Risk Transfer, Inc." On August 17, 2000, NHIC and Allianz Bermuda reached an agreement concerning reinsurance.

On March 15, 2001, NHIC and Allianz Bermuda signed an annual renewal term reinsurance agreement effective January 1, 2000. Although the contract showed Allianz Bermuda's address as Hamilton, Bermuda, it further stated that the "claim reserve" under the contract would be established by Texas law. The contract further stated that the Texas Department of Insurance would have regulatory jurisdic-

1. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.2003).

2. Camp engages in business with insurance companies who seek to reinsure policies they have written.

tion over the reinsurance agreement. Additionally, the contract stated that any disputes between NHIC and Allianz Bermuda would be settled by arbitration hearings to be held in Dallas, Texas or such other place as mutually agreed and that "any action to enforce any arbitration award or to compel arbitration shall be brought only in the state courts in the State of Texas, to the exclusion of all other courts." The contract continued, "The substantive laws of the State of Texas, without regard to its conflict of laws rules, shall govern any action or suit brought to compel any such arbitration or to enforce any award rendered pursuant to such arbitration." Allianz Bermuda further agreed that if it failed to pay any amount determined to be due pursuant to an arbitration award, it would submit to the jurisdiction of any court of competent jurisdiction within the United States. Finally, the contract stated, "This agreement shall be interpreted in accordance with the laws of the State of Texas" and contained a provision stating that "[t]here is no intermediary associated with this business of this agreement. All reports and remittances are to be made directly between the parties."

### PROCEDURAL BACKGROUND

On July 22, 2002, Camp filed suit against NHIC, Dion, Allianz Risk Transfer, Inc., and Allianz Bermuda[3] alleging that the defendants (1) had breached the agreement that Camp be the reinsurance intermediary for NHIC during the years of 1999, 2000 and 2001, (2) had interfered with Camp's existing contractual relations, and (3) had conspired to interfere with said contractual relations. On August 16, 2002,

Allianz Bermuda filed two separate instruments. The first instrument, filed at 5:03 p.m., was a motion to transfer venue and, subject thereto, an original answer.[4] The second instrument, a special appearance, was filed at 5:04 p.m.

Following a hearing, the trial court denied Allianz Bermuda's special appearance. The trial court subsequently entered the following findings of fact and conclusions of law:

1. Defendant Allianz Risk Transfer (Bermuda) Limited, by raising the issue of jurisdictional defects, does not waive its special appearance.

2. There is not sufficient continuous and systematic contacts by Defendant Allianz Risk Transfer (Bermuda) Limited with the State of Texas, nor substantial enough contacts with the State of Texas by this Defendant to give rise to general jurisdiction over a non-resident.

3. There is not specific jurisdiction over this Defendant as to Plaintiff's causes of action based on breach of contract.

4. For purposes of the Texas long-arm statute, a tort is committed where the resulting injury occurs.

5. Tortious interference with a contract or conspiracy to commit such interference could happen without a tortfeasor ever physically coming to Texas or ever directly meeting the victim of the tort.

6. The State of Texas does have specific jurisdiction over Defendant Allianz Risk Transfer (Bermuda) Lim-

---

**3.** Allianz Risk Transfer Inc. is a corporation organized under the laws of the State of New York with its principal place of business in New York City. Allianz Bermuda is incorporated under the laws of Bermuda and is located in Hamilton, Bermuda.

**4.** This motion to transfer venue and original answer was also joined by Allianz Risk Transfer, Inc.

ited as it relates to Plaintiff's causes of action sounding in tort.

On appeal, Allianz Bermuda contends that the trial court erred in concluding that it had specific jurisdiction over Allianz Bermuda.

### STANDARD OF REVIEW

The plaintiff has the burden to plead a prima facia showing of jurisdiction. *Haught v. Agricultural Prod. Credit,* 39 S.W.3d 252, 256 (Tex.App.-Tyler 2000, pet. denied). In a special appearance, the nonresident defendant has the burden of proof to negate all bases of personal jurisdiction. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). On appeal, we determine the special appearance on the basis of the pleadings, any stipulations by and between the parties, such affidavits and attachments as may be filed by the parties, the result of discovery processes, and any trial testimony. TEX.R. CIV. P. 120a; *De Prins v. Van Damme,* 953 S.W.2d 7, 18–19 (Tex.App.-Tyler 1997, pet. denied). Whether a court has personal jurisdiction over a defendant is a question of law and, therefore, our review is de novo. *See BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). Texas courts may exercise jurisdiction over nonresidents if they voluntarily submit to jurisdiction or if they may be held to answer under the State's long-arm statute. *See Moore v. Elektro–Mobil Technik GmbH,* 874 S.W.2d 324, 327 (Tex.App.-El Paso 1994, writ denied).

### TEXAS LONG-ARM STATUTE

Before a Texas court may exercise jurisdiction over a nonresident defendant, two conditions must exist: (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *See Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990). The Texas long-arm statute states as follows:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>
> (2) commits a tort in whole or in part in this state; or
>
> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997).

The broad language of Section 17.042 extends Texas courts' personal jurisdiction as far as the federal constitutional requirements of due process will permit. *BMC Software Belgium, N.V.,* 83 S.W.3d at 795. Personal jurisdiction over nonresident defendants is constitutional when two conditions are met: (1) the defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with the traditional notions of fair play and substantial justice. *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

### WAIVER OF SPECIAL APPEARANCE

■ The trial court made several findings of fact, among them that Allianz Bermuda, "by raising the issue of jurisdictional defects, [did] not waive its special appearance."[5] Although Camp does not

---

5. We note that a trial court is not required to

make findings of fact following a hearing on a

address the issue of waiver, because the personal jurisdiction of a court is fundamental and may not be ignored, a court must notice, even sua sponte, the matter of its jurisdiction. *See Black v. Jackson,* 82 S.W.3d 44, 49 (Tex.App.-Tyler 2002, no pet.).

■ Whenever a nonresident defendant makes a general appearance in a lawsuit by filing his original answer before his sworn special appearance motion, his special appearance is waived. *See Grand American Co. v. Stockstill,* 523 S.W.2d 422, 423 (Tex.Civ.App.-Amarillo 1975, no writ). A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction. *Dawson–Austin v. Austin,* 968 S.W.2d 319, 322 (Tex.1998).

■ Texas Rule of Civil Procedure 120a specifically states:

Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, plead-

ing or motion; provided, however, that a motion to transfer venue and any other plea, pleading or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance . . . .

Tex.R. Civ. P. 120a. A nonresident defendant's special appearance to challenge jurisdiction must precede any other responsive pleading or the defendant will be deemed to have entered a general appearance. *See Exito Electronics, Co., Ltd. v. Trejo,* 99 S.W.3d 360, 368 (Tex.App.-Corpus Christi 2003, pet. filed); 1 William V. Dorsaneo, III, Texas Litigation Guide § 1.04 (2002).

In the instant case, Allianz Bermuda filed its motion to transfer venue and original answer in a separate instrument prior to filing its special appearance.[6] When a special appearance contesting the jurisdiction of Texas courts is entered, it must be filed according to the due order of plead-

---

defendant's special appearance, although such findings may be helpful. *See* Tex.R.App. P. 28.1. As such, we are not required to give the trial court's findings in the instant case the same level of deference as we are findings made pursuant to Texas Rule of Civil Procedure 196. *See IKB Industries v. Pro–Line Corp.,* 938 S.W.2d 440, 442 (Tex.1997); *Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 858–59 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (when findings of fact are not required but are helpful, they do not have the same weight on appeal as findings made under Texas Rule of Civil Procedure 296 and are not binding on the appellate court); *see also Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992) (when findings of fact are not required by Texas Rule of Civil Procedure 296 or by some other rule or statute, but are helpful to the appellate court, they are not reviewed under the legal and factual sufficiency standard as are findings made under Rule 296).

**6.** We note that Allianz Bermuda's motion to transfer venue and original answer contained

language that the relief requested therein was made "subject to the [c]ourt's ruling on the Special Appearance. . . ." We are aware of the supreme court's holding in *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993) that a document is "filed" when it is tendered to the clerk, or otherwise put under the custody or control of the clerk and that the clerk's file stamp is not controlling. *Id.; see also Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 372 (Tex.1990). However, neither of these cases, nor any other case of which we are aware, involved Rule 120a's strict due order of pleading requirement. Furthermore, while Rule 120a provides that other pleadings may be contained in the same instrument as the special appearance without waiver, it specifically states that otherwise, such pleadings may be filed subsequently without waiver. *See* Tex.R. Civ. P. 120a(1). Based on our review of the record, the clerk's file stamp is the only evidence indicating the order in which the documents were filed, there being no evidence as to which document was first tendered to the clerk.

ings. *See Canales v. Estate of Canales,* 683 S.W.2d 77, 80 (Tex.App.-San Antonio 1984, no writ). When Allianz Bermuda filed its motion to transfer venue and original answer at 5:03 p.m. on August 16, it made its special appearance, filed in a separate instrument one minute later, a nullity. Accordingly, we hold that Allianz Bermuda has made a general appearance in this suit, thereby waiving its special appearance.

## DUE PROCESS

■ Even assuming that Allianz Bermuda had not waived its special appearance, the outcome of the case would not differ. The first part of the due process analysis is whether the nonresident defendant has purposely established "minimum contacts" with the forum state. *See CSR Ltd. v. Link,* 925 S.W.2d 591, 594–95 (Tex.1996). A nonresident defendant that has purposely availed itself of the privileges and benefits of conducting business in the foreign jurisdiction has sufficient contacts with the forum to confer personal jurisdiction. *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985)). Because of the unique and onerous burden placed upon a party called upon to defend a suit in a foreign legal system, the minimum contacts analysis is particularly important when the defendant is from another country. *BMC Software Belgium, N.V.,* 83 S.W.3d at 795.

In the instant case, the trial court determined that it had specific jurisdiction over Allianz Bermuda. Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the forum. *CSR Ltd.,* 925 S.W.2d at 595. When the defendant is a commercial actor, it is important to de-termine whether his efforts were "purposely directed" toward the forum state. *Burger King Corp.,* 471 U.S. at 472, 105 S.Ct. at 2182. Specific jurisdiction is also proper if the cause of action arises from a specific activity in the forum. *See Schlobohm,* 784 S.W.2d at 357.

Here, Allianz Bermuda's reinsurance contract with NHIC, a Texas corporation, served to sever any contractual obligations NHIC may have had with third party intermediaries. Camp, a Texas corporation, was such an intermediary. Camp has alleged facts which, if proven, tend to support that Allianz Bermuda was aware of Camp's reinsurance intermediary contract with NHIC. *See Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex.1995) (tortious interference with a third party's contract is actionable in Texas).

When it executed the March 15, 2001 reinsurance contract with NHIC, Allianz Bermuda contemplated the possibilities of future legal action in Texas. In so doing, Allianz Bermuda not only brought itself under the jurisdiction of Texas law, but also under the jurisdiction of Texas courts and a Texas regulatory agency. Any legal activity stemming from this contract was heavily laden with Texas interests. Thus, we conclude that Allianz Bermuda had more than sufficient minimum contacts with Texas for any future suits related to the contract.

However, Allianz Bermuda contends that its reinsurance agreement with NHIC is similar to the reinsurance agreement in *Malaysia British Assurance, SDN, BHD v. El Paso Reyco, Inc.,* 830 S.W.2d 919 (Tex.1992). In that case, Malaysia British of Kuala Lumpur, a Malaysian corporation, had reinsured risks originally insured by Pioneer Insurance Company Ltd., a Pakistan corporation with its office in Karachi,

Pakistan.[7] *Id.* at 920. When Pioneer went into receivership, Reyco sued Malaysia British in Texas. *Id.* The Texas Supreme Court determined that Malaysia British had not purposely established minimum contacts with Texas. *Id.* at 921. The court reasoned that a twice-removed contract with Texas is not sufficient to establish jurisdiction. *Id.*

The instant case is distinguishable from *El Paso Reyco, Inc.* Here, Allianz Bermuda directly contracted with NHIC, a Texas corporation. The insertion of the clause preventing any other reinsurance intermediary in the reinsurance contract, if proven, was purposeful conduct towards Camp, also a Texas corporation. Purposeful conduct by a foreign corporation towards a Texas corporation can establish minimum contacts with Texas. *See id.*

■ We next evaluate Allianz Bermuda's contacts in light of other factors to determine whether the assertion of personal jurisdiction comports with fair play and substantial justice. *See Guardian Royal Exch. v. English China,* 815 S.W.2d 223, 228 (Tex.1991) (citing *Burger King Corp.,* 471 U.S. at 476, 105 S.Ct. at 2184). These factors include (1) the burden on the defendant, (2) the interest of the foreign state in adjudicating the dispute, (3) the plaintiff's interests in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See Guardian Royal Exch.,* 815 S.W.2d at 228.

First, it is clear that Allianz Bermuda had already contemplated possible legal action in Texas when it signed the March 15, 2001 contract with NHIC. Second, Tex-

as always has a strong interest in protecting its corporations when a possible tort has been committed against one of them. *See Thompson v. Handa Lopez, Inc.,* 998 F.Supp. 738, 745 (W.D.Texas 1998). Third, Camp, as a Texas corporation with its principal place of business in Texas, can obtain the most convenient and efficient relief in Texas courts. Fourth, Texas is the most efficient venue for the resolution of this controversy because more parties in the case are from Texas than any other forum.[8] Accordingly, we hold jurisdiction is allowed by the Texas long-arm statute and that the exercise of specific jurisdiction by Texas courts against Allianz Bermuda in this case meets the federal constitutional requirements of due process.

### CONCLUSION

Allianz Bermuda's sole issue is overruled. The order of the trial court denying Allianz Bermuda's special appearance is affirmed.

---

7. Pioneer had insured a Texas corporation's water park in El Paso. *Id.* at 920.

8. The fifth factor has no implications in this case.