**Opinion issued July 26, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-17-00653-CV**

————————————

**WILBART MCCOY, Appellant**

**V.**

**PLATINUM POWER MOVES, INC., Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-45530**

---

**MEMORANDUM OPINION**

In this interlocutory appeal, Platinum Power Moves, Inc., an Oklahoma company, sued Wilbart McCoy, a Georgia resident, for breach of contract in Texas state court. McCoy filed a special appearance, arguing that he lacked sufficient

contacts with Texas for Texas courts to exercise personal jurisdiction over him. The trial court denied McCoy's special appearance. In one issue on appeal, McCoy contends that the trial court erroneously denied his special appearance because he has no contacts with Texas and Texas courts cannot exercise either general or specific jurisdiction over him.

We affirm.

## Background

McCoy is an Atlanta-based hip-hop artist who performs under the name "Vedo." In August 2014, McCoy entered into an "Exclusive Recording Agreement" with Platinum Power Moves (PPM), an Oklahoma corporation. The contract provided, among other things, that PPM would have the exclusive right to enter into agreements with major record label distributors on McCoy's behalf. The contract further provided that if PPM did not enter into a distribution agreement within eighteen months, McCoy could terminate the contract. The contract included the following venue provision:

> This agreement contains the entire understanding of the parties and cannot be modified or terminated except by an instrument signed by the party to be charged thereby. This agreement has been entered into and delivered in the State of Texas and the validity, interpretation and legal effect of this agreement shall be governed by and construed in accordance with the internal laws of the State of Texas applicable to contracts entered into and performed entirely within that State. Only the state and federal courts located in Houston, Texas will have jurisdiction over any such controversies regarding this agreement, and any action or other proceeding which involves such a controversy will be brought

2

in those courts, and not elsewhere. If any part of this agreement is determined to be invalid or unenforceable by a court of competent jurisdiction the remainder of this agreement will remain in full force and effect.

PPM filed suit against McCoy for breach of contract in Harris County district court in July 2016. PPM alleged that the court "has jurisdiction over the parties because all parties agreed that only the state and federal courts located in Houston, Texas will have jurisdiction over a controvers[y] regarding the agreement the subject of this suit." With respect to the merits of its suit, PPM alleged that it had secured two distribution agreements for McCoy, but McCoy improperly terminated the contract he had with PPM.

McCoy filed an answer on February 6, 2017. McCoy's answer stated:

Defendant, Wilbart "Vedo" McCoy III ("Vedo"), files this Original Answer to Plaintiff's, Platinum Power Moves, Inc. ("PPM"), Original Petition.

#### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Vedo denies each and every, all and singular, of the material allegations in PPM's Original Petition, and requires PPM to prove the charges, assertions, and allegations against him by a preponderance of the evidence as is required by the laws of the State of Texas.

#### Reservation of Right

Vedo respectfully reserves the right to amend his answer to PPM's allegations.

#### Request for Disclosure

3

Under Texas Rule of Civil Procedure 194, Vedo requests that PPM disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

<u>Conclusion and Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Vedo having fully answered herein, prays that upon final trial and hearing, that he receive a judgment according to the law and facts as determined by this Honorable Court; that Vedo be awarded attorneys' [fees] in accordance with Chapter 38 of the Civil Practices & Remedies Code; and for such other and further relief, both general and special, at law and in equity, to which Vedo may be justly entitled.

On May 15, 2017, three months after he filed an answer, McCoy filed a special appearance requesting that the trial court dismiss the case for lack of jurisdiction. McCoy argued that he is a Georgia resident and that PPM, an Oklahoma entity, was not registered to do business in Texas and thus lacked standing to sue in Texas state courts. He argued that "[t]he correct jurisdiction for this action is in federal court" and that he lacked sufficient contacts with Texas to be sued in Texas state court. McCoy further argued that PPM did not plead any facts in its original petition demonstrating that McCoy was subject to the jurisdiction of Texas state courts. He attached an affidavit in which he averred, "I am not a resident, nor have I ever been, of the State of Texas. I am a resident of the State of Georgia." McCoy argued that he met his burden of negating all potential bases for personal jurisdiction.[1]

---

[1] McCoy later filed a motion for reconsideration in which he reasserted the grounds initially raised in his special appearance and also argued that dismissal of the suit was proper under the doctrine of forum non conveniens. McCoy does not argue forum non conveniens as a basis for reversal on appeal.

4

In response, PPM argued that it had properly filed suit in Texas state court due to the forum selection clause in the parties' contract. PPM also sought to register as a foreign entity with the Texas Secretary of State, which occurred on July 12, 2017.

The trial court denied McCoy's special appearance. This interlocutory appeal followed.

## Special Appearance

In his sole issue on appeal, McCoy contends that the trial court erred by denying his special appearance. Specifically, he argues that PPM failed to plead sufficient facts to bring him within the scope of Texas' long-arm statute and that he lacks sufficient contacts with Texas to justify the exercise of either general or specific personal jurisdiction. He also argues that exercising personal jurisdiction in this case would offend traditional notions of fair play and substantial justice.

### A. *Standard of Review*

Whether a court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo. *Zinc Nacional, S.A. v. Bouche Trucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010) (per curiam); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). When a trial court does not issue findings of fact and conclusions of law in connection with its ruling on a special

appearance, we imply all facts that are necessary to support the judgment and are supported by the evidence. *BMC Software*, 83 S.W.3d at 795.

## B. *Waiver of Challenge to Personal Jurisdiction*

Texas Rule of Civil Procedure 120a allows a party to object to the trial court's exercise of personal jurisdiction over him by filing a special appearance. TEX. R. CIV. P. 120a(1). Rule 120a(1) provides:

> A special appearance may be made as to an entire proceeding or as to any severable claim involved therein. Such special appearance shall be made by sworn motion *filed prior to motion to transfer venue or any other plea, pleading or motion*; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects. . . . *Every appearance, prior to judgment, not in compliance with this rule is a general appearance*.

*Id.* (emphasis added). Compliance with the requirements of Rule 120a is mandatory. *See First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("Rule 120a requires compliance with its terms, by stating that the consequence for failure to comply with its terms is a waiver of the special appearance.").

"Unlike subject-matter jurisdiction, which concerns a court's jurisdiction to hear a case and cannot be waived, personal jurisdiction concerns a court's jurisdiction over a particular party and can be waived." *Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2012, no pet.);

6

*Von Briesen, Purtell & Roper, S.C. v. French*, 78 S.W.3d 570, 575 (Tex. App.—Amarillo 2002, pet. dism'd w.o.j.) ("A party may waive any objection it might otherwise have to a court's exercise of personal jurisdiction over it."). A defendant waives the trial court's lack of personal jurisdiction over him by making a general appearance in the case or by failing to timely object to the court's jurisdiction. *Trenz*, 388 S.W.3d at 800. A party enters a general appearance when he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by his acts than an action is properly pending, or (3) seeks affirmative action from the trial court. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam) (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)).

Filing an answer in a suit constitutes a general appearance. *See Baker v. Monsanto Co.*, 111 S.W.3d 158, 160 (Tex. 2003) (per curiam); *Radenovich v. Eric D. Fein, P.C. & Assocs.*, 198 S.W.3d 858, 860 (Tex. App.—Dallas 2006, no pet.) ("By filing an answer, appellants have entered a general appearance."); *Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 296 (Tex. App.—Fort Worth 2004, pet. dism'd) ("To constitute an answer or appearance, the party must seek a judgment or a decision by the court on some question. A general appearance is normally in the form of an answer to the claims made in the suit."). Once a party has filed an answer or otherwise appeared, that party is "before the court for all

purposes." *Von Briesen, Purtell & Roper*, 78 S.W.3d at 575. Thus, when a nonresident defendant makes a general appearance in a suit by filing his original answer before his sworn special appearance, the defendant waives his special appearance. *Allianz Risk Transfer (Bermuda) Ltd. v. S.J. Camp & Co.*, 117 S.W.3d 92, 96 (Tex. App.—Tyler 2003, no pet.).

Here, PPM filed its breach of contract suit against McCoy, a Georgia resident, in Texas state court on July 8, 2016. McCoy filed his original answer on February 6, 2017. McCoy entered a general denial, requested that PPM serve on him the disclosures required by Rule 194.2, and "having fully answered herein, pray[ed] that upon final trial and hearing, that he receive a judgment according to the law and facts as determined by this Honorable Court." McCoy sought his attorney's fees and "such other and further relief, both general and special, at law and in equity" to which he was entitled. Three months later, on May 15, 2017, McCoy filed his special appearance, seeking dismissal of the suit against him because he lacked sufficient contacts with Texas.

We conclude that McCoy made a general appearance when he filed his answer on February 6, 2017. *See Baker*, 111 S.W.3d at 160; *Radenovich*, 198 S.W.3d at 860; *Seals*, 145 S.W.3d at 296. Because McCoy made a general appearance before filing his special appearance, McCoy waived his special appearance and his challenge to the trial court's personal jurisdiction over him. *See* TEX. R. CIV. P. 120a(1); *Trenz*,

8

388 S.W.3d at 800; *Allianz Risk Transfer (Bermuda) Ltd.*, 117 S.W.3d at 96. We

hold that the trial court did not err by denying McCoy's special appearance.

We overrule McCoy's sole issue.[2]

## Conclusion

We affirm the order of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

---

[2] Because we conclude that McCoy waived his special appearance by filing an answer—and thus making a general appearance—before filing his special appearance, we need not address McCoy's argument on appeal that the trial court erred in denying his special appearance because he lacks sufficient contacts with Texas to support the exercise of either general or specific personal jurisdiction over him.