Violeta RADENOVICH and Wayne Germano, Appellants,

v.

ERIC D. FEIN, P.C. & ASSOCIATES, Appellee.

No. 05–05–00887–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2006.

Violeta Radenovich, Wayne Germano, El Paso, pro se.

Eric D. Fein, Eric D. Fein, P.C. & Associates, Dallas, pro se.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

Violeta Radenovich and Wayne Germano appeal the trial court's summary judgment in favor of Eric D. Fein, P.C. & Associates on its breach of contract/sworn account claims. In three issues, appellants complain that (1) the trial court did not have personal jurisdiction over them, (2) venue should have been transferred to El Paso County, and (3) genuine issues of material fact precluded summary judgment. We reject all issues and affirm the trial court's judgment.

In February 2004, appellants hired appellee to represent them in a legal matter in El Paso County. Appellee provided legal services to appellants and sent them invoices and itemized statements. Appellants refused to pay, and appellee sued in Dallas County. In its petition, appellee asserted venue was maintainable under section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to the claim occurred in Dallas County. In response, appellants filed a motion to transfer venue and an answer. In their venue motion, appellants asserted El Paso County is the proper county of venue because it is the county of each defendant's residence.

Appellee filed its motion for summary judgment on breach of the agreement and attached as evidence Eric D. Fein's affidavit and various documents. Appellants filed their response to the motion on the day before the summary judgment hearing, and the trial court determined the response was untimely and was therefore not before the court. The trial court denied the motion to transfer venue, granted appellee's motion for summary judgment, and awarded appellee damages, attorney's fees, pre- and post-judgment interest. This appeal ensued.

Appellants filed a pro se brief. In their first issue, they assert the trial court did not have jurisdiction over the cause or over them personally where venue was proper in El Paso County. Appellants confuse the concepts of venue and jurisdiction.

Jurisdiction refers to a court's power to decide a case or issue a decree. *Brown v. Fullenweider*, 135 S.W.3d 340, 345 (Tex.App.-Texarkana 2004, pet. denied). Venue, as distinguished from jurisdiction, is a distinct concept simply describing the proper or possible place for a lawsuit. *Id.*

> The distinction must clearly be understood between jurisdiction, which is the power to adjudicate, and venue, which relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants. It is possible for jurisdiction to exist though venue in a particular district is improper, and it is possible for a suit to be brought in the appropriate venue though it must be dismissed for lack of jurisdiction.

*Id. (quoting* CHARLES ALAN WRIGHT, THE LAW OF FEDERAL COURTS § 42, at 257 (5th ed.1994)).

Here, the trial court had subject matter jurisdiction over appellee's claims. *See* TEX. GOV'T CODE ANN. §§ 25.0003, 25.0592 (Vernon & Supp.2005). As for any assertion that the trial court did not have jurisdiction over the persons, appellants did not file a special appearance. By filing an answer, appellants have entered a general appearance. *See Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.-El Paso 1994, writ. denied) ("A

party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance."). Because the trial court had jurisdiction over the cause and person, we reject the first issue.

In their second issue, appellants complain the trial court erred in failing to grant the motion to transfer venue. Rule 38.1(h) of the Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(h). Failure to cite authority or provide substantive analysis waives an issue on appeal. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 410 (Tex.1997); *Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 801 n. 6 (Tex. App.-Corpus Christi 2002, pet. denied).

Within this issue, appellants have not provided any citations to the record or legal authority. Because appellants offer no legal analysis and fail to cite any authority supporting this issue, we conclude they have waived their complaint. *See McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied).

In their third issue, appellants contend the trial court erred in granting summary judgment in appellee's favor because there were material fact issues, which were presented in their original petition. Pleadings, however, are not competent summary judgment evidence. *Laidlaw Waste Syst. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995).

Here, appellee produced evidence that (1) appellee and appellants entered an agreement on February 23, 2004 whereby appellee would provide legal services at a rate of $250, $200, or $150 an hour, depending on who was performing the work; (2) the work was performed in a competent and "high quality professional manner"; (3) during the time appellee represented appellants, appellants did not reject any of the legal services performed; (4) appellee withdrew from the case on June 9, 2004 and provided appellees with a preliminary Statement of Account and request for payment; (5) appellee made written demand to appellees for payment and presented them with a final statement; (6) despite the demand, the account was unpaid and all just and lawful offsets have been applied; appellants owed $21,589.00, plus interest; (7) and the reasonable value of the services performed was $21,589.00, plus interest.

This evidence was sufficient to establish the elements of appellee's breach of contract claim. Appellants offered no evidence in response. We conclude the trial court did not err in granting summary judgment to appellee. We reject the third issue.

We affirm the trial court's judgment.