Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00532-CV

In the Interest of **D.L.S.** and C.D.S.

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 9612
Honorable N. Keith Williams, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 12, 2011

DISMISSED FOR LACK OF JURISDICTION IN PART, AFFIRMED IN PART

Appellant James Singleton appeals an order holding him in contempt for violating a judgment in a suit affecting the parent-child relationship and requiring him to pay $1500.00 in attorney's fees as sanctions for filing a frivolous pleading. To the extent Singleton seeks to appeal the contempt portion of the order, we dismiss the appeal for lack of jurisdiction. To the extent Singleton seeks to appeal the sanctions portion of the order, we affirm.

## BACKGROUND

Singleton and Rhonda Jones are the parents of two children, D.L.S. and C.D.S. When Singleton and Jones were divorced in 2002, their divorce decree included provisions for conservatorship, possession and access, and child support. The parties were named joint

managing conservators, with Jones having the right to designate the children's primary residence. In 2007, Singleton filed a motion to modify conservatorship and Jones filed a cross-motion to modify child support. These motions were disposed of in a judgment signed on November 24, 2009. The judgment modified the provisions of the divorce decree as to the parents' rights to designate the children's primary residence, possession and access of the children, and child support. Singleton appealed the judgment. While the appeal of the November 24, 2009, judgment was pending in this court, the parties filed various motions in the trial court. Three of these motions are pertinent to this appeal.

First, on March 8, 2010, Singleton filed a motion for enforcement of possession and access, alleging Jones violated the November 24, 2009, judgment on numerous occasions. Second, on April 26, 2010, Jones filed a motion for enforcement of possession and access against Singleton, alleging Singleton violated the November 24, 2009, judgment on numerous occasions. Finally, on April 30, 2010, Jones filed a motion for sanctions pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code. In this motion, Jones alleged Singleton's March 8, 2010, motion for enforcement was frivolous and presented for an improper purpose, namely to harass Jones.

On June 18, 2010, the trial court held a hearing on the motions for enforcement and the motion for sanctions. Evidence was presented at the hearing. On July 12, 2010, the trial court signed an order finding Singleton in contempt for violating the November 24, 2009, judgment and requiring him to pay Jones's attorney's fees in the amount of $1500.00 based on Chapter 10

of the Texas Civil Practice and Remedies Code, which prohibits the filing of frivolous pleadings.[1] Singleton appealed.

On January 26, 2011, this court issued its opinion reversing the November 24, 2009, judgment and remanding the case to the trial court for further proceedings consistent with our opinion. *See In re D.L.S. and C.D.S.*, No. 04-10-00069-CV, 2011 WL 240683 (Tex. App.—San Antonio Jan. 26, 2011, no pet.) (mem. op.).

### APPLICABLE LAW

A contempt order is not reviewable by appeal. *In re E.H.G. and A.B.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.) (citing *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985)). Contempt orders may only be reviewed by an application for a writ of habeas corpus, if the contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor has not been confined. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *Ex parte Williams*, 690 S.W.2d 243, 243 (Tex. 1985). "Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable." *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied).

Chapter 10 of the Texas Civil Practice and Remedies Code allows a trial court to sanction an attorney or a party for filing motions or pleadings that lack a reasonable basis in fact or law. *Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007); TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001-.005 (West 2002). A sanction under Chapter 10 may include ordering a party to pay the reasonable attorney's fees incurred by the other party because of the filing of the frivolous pleadings. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(c)(3).

---

[1]This order was also based on section 157.167 of the Texas Family Code, which provides that a court shall order the respondent to pay reasonable attorney's fees and court costs if it finds the respondent failed to comply with the terms of an order providing for the possession and access to a child. *See* TEX. FAM. CODE ANN. § 157.167 (West 2008).

The Texas Rules of Appellate Procedure provide that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.). When an issue is inadequately briefed by failing to provide citation to authority, nothing is presented for our review. *Mass Mktg. Ltd. v. Durbin*, No. 04-09-00697-CV, 2010 WL 4109260, at *7 (Tex. App.—San Antonio Oct. 20, 2010, pet. denied) (mem. op.). Issues raised on appeal, but not properly briefed, are waived. *Radenovich v. Eric D. Fein, P.C. & Assocs.*, 198 S.W.3d 858, 861 (Tex. App.—Dallas 2006, no pet.).

### DISCUSSION

In his fifth issue, Singleton argues the contempt and sanctions order against him should be vacated because it was based on the November 24, 2009, judgment, which was subsequently reversed by this court. Jones has filed a brief agreeing that the order should be reversed because the underlying order, the November 24, 2009, judgment, is no longer valid and enforceable.

Despite the parties' agreement, we cannot sustain this issue. First, we have no jurisdiction to review the contempt portion of the order on appeal. *See E.H.G.*, 2009 WL 1406246, at *5 (dismissing issues in appellant's brief related to a contempt finding that appellate court had no jurisdiction to consider). Second, the sanctions portion of the order is based on the trial court's finding that Singleton filed a frivolous pleading. The reversal of the November 24, 2009, judgment has no bearing on this finding.

In his remaining five issues, Singleton raises various complaints about the contempt and sanctions proceedings. To the extent Singleton complains about the contempt portion of the order, we are without jurisdiction to address these issues, and must dismiss this portion of the appeal for lack of jurisdiction. *See id.* To the extent Singleton complains about the sanctions

portion of the order, we conclude Singleton has waived any possible error. *See* TEX. R. APP. P. 38.1(i); *Durbin*, 2010 WL 4109260, at *7. Singleton's brief contains *no citations* to any legal authority. When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. School Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. *Id*. We conclude Singleton has waived any error relating to sanctions by failing to properly brief these issues.

## CONCLUSION

The sanctions portion of the order is affirmed. To the extent Singleton complains of the contempt portion of the order, this appeal is dismissed for lack of jurisdiction.

Karen Angelini, Justice