# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00755-CV

**John Kleas, Appellant**

**v.**

**Clark, Thomas & Winters, P.C., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-000479, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Clark, Thomas & Winters, P.C. (CTW) sued John Kleas to recover alleged unpaid legal fees, asserting theories of breach of contract and quantum meruit. CTW subsequently moved for summary judgment on both theories of liability, relying on evidence that included an affidavit from the firm's president, Larry McNeill; an account-receivable ledger attached to and addressed in McNeill's affidavit; and what Kleas concedes are deemed admissions. Kleas filed a two-page summary-judgment response, did not move to have the deemed admissions withdrawn prior to the hearing, and did not attend the hearing. Following the summary-judgment hearing, the trial court[1] granted CTW's motion without stating the grounds on which it relied and rendered judgment

---

[1] The Hon. Eric Shepperd signed the summary judgment, but the Hon. J. David Phillips subsequently signed a nunc pro tunc judgment correcting a typographical error in the stated date of the original judgment.

awarding CTW $66,098.07 in damages. Kleas then timely filed a verified motion to set aside the summary judgment, which the trial court denied by written order following a hearing.[2]

Kleas now appeals,[3] contending in two issues that the trial court abused its discretion in failing to withdraw the deemed admissions and in relying on the admissions as a basis for summary judgment.[4] We will affirm the judgment.

We review the trial court's summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id*. Under the "traditional" standard for summary judgment—the standard on which CTW relies—the movant has the initial burden of conclusively negating at least one essential element of a claim or defense on which the non-movant has the burden of proof or conclusively establishing each element of a claim or defense on which the movant has the burden of proof. *See* Tex. R. Civ. P. 166a(c); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once the movant has done so, and only if it does, the burden shifts to the non-movant to produce evidence creating a genuine issue of material fact as to the challenged element or

---

[2] Judge Phillips also signed this order.

[3] CTW has moved to dismiss Kleas's appeal, contending that he did not file his notice of appeal in time to invoke our jurisdiction. Concluding otherwise, we overrule CTW's motion.

[4] The summary judgment also awarded CTW additional attorney's fees it had incurred or would incur in collecting the debt. *See* Tex. Civ. Prac. & Rem. Code § 38.001. Kleas does separately challenge this portion of the judgment, only its predicate damage award.

elements in order to defeat the summary judgment. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). If the non-movant's evidence raises a fact issue, summary judgment is not appropriate. *See id*. When, as here, the trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 426 (Tex. App.—Austin 2009, no pet.).

Although Kleas's appellate issues focus solely on the deemed admissions, CTW's summary-judgment motion, as previously noted, also relied on McNeill's affidavit and the attached account-receivable ledger, and CTW urges that this evidence alone supports summary judgment on its breach-of-contract theory.[5] We agree.

To meet its summary-judgment burden as to its breach-of-contract theory, CTW was required to conclusively establish that: (1) a valid contract existed between the parties; (2) CTW performed or tendered performance; (3) Kleas breached the contract; and (4) CTW was damaged as a result of the breach. *C.W. 100 Louis Henna, Ltd. v. El Chico Rests. of Tex., L.P.*, 295 S.W.3d 748, 752 (Tex. App.—Austin 2009, no pet.). McNeill's testimony can conclusively establish these elements if it is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). We conclude that it is. McNeill averred that Kleas had hired CTW to perform legal services and that CTW did perform them. He further proved up the attached account-receivable ledger, which, as he confirmed, reflected that CTW had billed Kleas for the legal services it performed, and that, while Kleas had

---

[5] CTW acknowledges that it must rely on the deemed admissions to meet its burden as to quantum meruit.

paid some of the bills, he had left a total of $66,098.07 (corresponding to the amount the trial court awarded) unpaid and owing. McNeill's affidavit and the accompanying account-receivable ledger established each essential element of CTW's breach of contract cause of action. *See Radenovich v. Eric D. Fein, P.C. & Assocs*., 198 S.W.3d 858, 861 (Tex. App.—Dallas 2006, no pet.) (holding attorney's summary-judgment evidence in form of affidavits and accompanying documents established elements of breach of contract claim).

On appeal, Kleas suggests that CTW failed to meet its initial summary-judgment burden as to the "performance" element of its contract theory because it did not affirmatively prove that the unpaid fees it sought to recover were reasonable and necessary. In support, Kleas cites *Ashton Grove L.C. v. Jackson Walker, L.L.P.*, 366 S.W.3d 790 (Tex. App.—Dallas 2012, no pet.). In *Ashton Grove*, a law firm attempted to obtain summary judgment on a breach-of-contract claim for unpaid legal services with an affidavit that referred to invoices that had been omitted from the record and failed to establish any breach of the client's contract with the firm. *Id*. at 796–97. Although the court proceeded to analyze the reasonableness of the fees the firm sought to recover, the context of the discussion was "the unique situation" where "there has been no showing of a breach of an underlying contract " *Id*. at 798–99. That is not the situation here. We conclude that CTW met its initial summary-judgment burden as to its breach-of-contract theory of recovery.

The burden thus shifted to Kleas to present evidence raising a genuine issue of material fact as to either one of the elements of CTW's breach-of-contract theory or each element of an affirmative defense. *See Walker*, 924 S.W.3d at 377. Kleas filed a two-page summary-judgment response devoted chiefly to arguments urging the trial court not to grant summary judgment based on the deemed admissions (although Kleas seemed to indicate that he would

"request that deemed admissions be set aside" through a separate motion, yet never filed such a motion, nor did he appear at the summary-judgment hearing). Kleas also attempted to dispute whether he was liable in the capacity in which he had been sued—he argued that he had actually hired CTW through John Kleas Co., not while acting individually—but he never filed the verified denial required to preserve such a complaint. *See* Tex. R. Civ. P. 93(2); *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). But as for CTW's entitlement to summary judgment based on McNeill's affidavit and attached account-receivable ledger, Kleas neither objected to this evidence nor presented any controverting proof.[6]

As Kleas failed to present controverting evidence sufficient to raise a genuine issue of material fact, the trial court did not err in granting summary judgment. *See Radenovich*, 198 S.W.3d at 861. We need not address CTW's alternative grounds for affirming that order. *See* Tex. R. App. P. 47.1. Nor has Kleas demonstrated any reversible error in the trial court's refusal to set aside its summary-judgment ruling. *See McMahan v. Greenwood*, 108 S.W.3d 467, 482 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (refusing to consider evidence attached to motion for new trial that was not before trial court when it granted summary judgment).[7]

---

[6] In fact, the copy of Kleas's summary-judgment response contained in the clerk's record consists only of his two pages of argument, with no attached or accompanying summary-judgment evidence. On appeal, Kleas's counsel represents that he served an affidavit from his client on CTW with his summary-judgment response, although he acknowledges that he is "unable to determine whether the affidavit was in fact filed with the trial court." Seeking further clarity, this Court requested a supplemental clerk's record from the Travis County Clerk that included any affidavits Kleas filed with his summary-judgment response. The Clerk advises us that, after a diligent review of the case file, she has confirmed that no such affidavit was filed.

[7] Similarly without effect are "counterclaims" that Kleas purported to file several months after the summary-judgment ruling. *See Voice of Cornerstone Church Corp. v. Pizza Prop. Partners*, 160 S.W.3d 657, 670–71 (Tex. App.—Austin 2005, no pet.) (holding appellant waived counterclaim that it failed to assert until after trial court granted final summary-judgment motion).

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:   August 21, 2013