**AFFIRMED; and Opinion Filed February 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01688-CV

**MAXIMUSALLIANCE PARTNERS, LLC, Appellant**
**V.**
**DAN FABER, FRANK VINGERHOETS, ET AL., Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-16379-H**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

MaximusAlliance Partners, LLC ("Maximus") appeals from the trial court's order granting partial summary judgment in favor of the appellees, Dan Faber ("Faber"), Frank Vingerhoets ("Vingerhoets"), Katoen Natie Gulf Coast, Inc., Katoen Natie USA, Inc., Katoen Natie Norfolk, Inc., Katoen Natie Louisiana, LLC, and Baton Rouge Polymers Terminal, LLC ("the KTN entities") (collectively, "appellees"). In three issues, Maximus contends the trial court erred by (1) granting summary judgment in favor of the KTN entities on its fraud claim, (2) granting summary judgment in favor of all appellees on its claim for aiding and abetting a breach of fiduciary duty, and (3) "assessing the court costs" against Maximus.

While the appellees filed both a traditional and a no-evidence motion for summary judgment, the KTN entities argue only that the no-evidence motion addressed Maximus's fraud claim. For the reasons discussed below, we conclude that the no-evidence motion was legally

insufficient to address the fraud claim against the KTN entities.  We decide in favor of Maximus on its first issue, and we reverse the trial court's summary judgment as to the fraud claim and remand for further proceedings on this issue.  We decide against Maximus on its second issue and affirm the trial court's summary judgment in favor of all appellees as to the aiding and abetting claim.  Because we reverse in part and remand, we also reverse the portion of the trial court's order taxing court costs against Maximus and remand the issue for further consideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

John Castro ("Castro") was employed by Maximus as "Managing Director for the Location Optimization Group" from approximately September 1, 2009, to September 22, 2011.  On or about January 26, 2011, Maximus entered into a "business incentives agreement" with "Katoen Natie" ("KTN") ("Maximus agreement").  Castro signed the agreement as "Managing Director" of Maximus, and Faber, who according to the record is the "vice president of finance administration" for Katoen Natie Gulf Coast, Inc., Katoen Natie USA, Inc., Katoen Natie Norfolk, Inc., and Katoen Natie Louisiana, LLC, signed on behalf of KTN.  Under the agreement, Maximus would "provide incentive negotiation services," and KTN would pay Maximus "a fee of fifteen percent (15%) of all Incentives."  The agreement further provided that Maximus's "services hereunder will be provided by John Castro, CEcD."

Maximus alleges that after the agreement was signed, Castro, acting on behalf of Maximus, began work on various projects for KTN.[1]  According to Maximus, later that year while still employed by Maximus, Castro decided to join a newly formed company, KLM Consulting, LLC ("KLM").  On August 24, 2011, Castro informed KTN that he was "disecting [sic] [his] incentives and economic development consulting activity so as to be independent of [Maximus]" and provided KTN with "a new version of our Incentives Agreement," which he

---

[1] The parties dispute which projects were covered under the Maximus agreement.  We do not address this issue.

claimed was "the same as what you have signed before as it has been my template for years." The "new version" of the agreement, in which KLM agreed to "provide incentive negotiation services" for KTN in return for a fee, was executed by Faber on September 8, 2011, cancelled, and then re-executed by Faber on October 5, 2011. Castro resigned from Maximus on September 22, 2011. KTN cancelled the Maximus agreement on October 20, 2011. Maximus alleges that Castro continued to work on the KTN projects that he started for Maximus and that KLM received payment from KTN for one or more of those projects.

Maximus sued Castro, KLM, and others on December 30, 2011, asserting claims of tortious interference, breach of fiduciary duty, breach of contract, and "aiding/abetting Castro breach of fiduciary duty." Maximus amended its petition several times, adding more claims and defendants, including the appellees. Although many claims, counterclaims, and cross-claims were asserted in the trial court, the only claims relevant to this appeal are Maximus's claim for fraud against the KTN entities and its claim for aiding and abetting Castro's breach of fiduciary duty against all of the appellees.

The appellees filed a traditional and no-evidence motion for summary judgment on May 9, 2013, asserting that the KTN entities were entitled to summary judgment on Maximus's claims for breach of contract, quantum meruit, tortious interference, and aiding and abetting, and that Faber and Vingerhoets were entitled to summary judgment on Maximus's claims for tortious interference and aiding and abetting. On May 23, 2013, Maximus filed a response to the summary judgment motion and its seventh amended petition, which added, among others, a claim for fraud against the KTN entities. The appellees filed a reply to Maximus's response on May 28, 2013, but they did not amend or supplement the motion for summary judgment after Maximus's seventh amended petition was filed. The trial court held a hearing, and, in an order dated June 20, 2013, rendered judgment as follows: (1) summary judgment was granted in favor

–3–

of Faber, Vingerhoets, and Baton Rouge Polymers Terminal, LLC on all of Maximus's claims against them; (2) summary judgment was granted in favor of Katoen Natie Gulf Coast, Inc., Katoen Natie USA, Inc., Katoen Natie Norfolk, Inc., and Katoen Natie Louisiana, LLC on Maximus's claims of aiding and abetting, tortious interference, and fraud; and (3) summary judgment was denied as to Maximus's claims for breach of contract and quantum meruit against Katoen Natie Gulf Coast, Inc., Katoen Natie USA, Inc., Katoen Natie Norfolk, Inc., and Katoen Natie Louisiana, LLC.

Maximus filed a "motion for sanctions and limited reconsideration of KTN summary judgment," which the trial court denied in an order dated September 18, 2013. On October 25, 2013, the KTN entities and Castro filed a "joint motion," requesting the trial court "to dismiss all claims between them with prejudice," which would dispose of all remaining parties and claims, and requesting "the entry of a final judgment in this case." In an order dated October 28, 2013, the trial court granted the motion, taxed the court costs against Maximus, and rendered final judgment. This appeal followed.

## II. SUMMARY JUDGMENT

### A. Standard of Review

"We review a trial court's grant of summary judgment de novo." *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). "We must review the summary judgment record 'in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.'" *Id.* at 59–60 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In a no-evidence motion for summary judgment, "a movant must establish that '[a]fter adequate time for discovery . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.'" *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004) (quoting TEX. R. CIV. P.

–4–

166a(i)).  "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i).  "A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element." *Reese*, 148 S.W.3d at 99.

In a traditional motion for summary judgment, "a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Reese*, 148 S.W.3d at 99 (citing TEX. R. CIV. P. 166a(c)).  "A defendant moving for traditional summary judgment must either (1) disprove at least one essential element of the plaintiff's cause of action as a matter of law or (2) plead and conclusively establish each essential element of an affirmative defense." *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 789 (Tex. App.—Dallas 2011, no pet.).  "Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment." *Id.*

### B. Fraud Claim Against the KTN Entities

In its first issue, Maximus asserts the trial court erred in granting summary judgment in favor of the KTN entities on its fraud claim because Maximus did not plead fraud until after the summary judgment motion was filed, the motion did not address fraud, and it was not subsequently amended or supplemented.  The KTN entities respond that the fraud claim was properly considered because "the grounds of the motion were broad enough to encompass the fraud claim."  While the KTN entities filed both a traditional and a no-evidence motion for summary judgment, on appeal, they argue only that the grounds asserted in the motion were sufficient to raise a no-evidence challenge to the fraud claim.  We agree with the KTN entities that the traditional portion of the motion for summary judgment did not raise fraud.

Accordingly, we do not address the traditional motion for summary judgment as to Maximus's fraud claim.

### 1. Applicable Law

No-evidence summary judgments "cannot be upheld upon grounds not raised in the motion for summary judgment." *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 286 (Tex. App.—Dallas 2013, pet. filed) (en banc); *accord Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "Generally, a movant who does not amend or supplement its pending motion for summary judgment to address newly added claims alleged in a subsequent petition is not entitled to summary judgment on those claims." *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.). "In such a case, the portion of the summary judgment purporting to be final must generally be reversed because the judgment grants more relief than requested in the motion." *Id.* There are "limited exceptions" to this rule:

> [A]n amended or supplemental motion for summary judgment is not required when the amended petition essentially reiterates previously pleaded causes of action, when a ground asserted in a motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or when the original motion is broad enough to encompass the newly asserted claims.

*Id.* at 350–51; *Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

"Rule 166a(i) unconditionally requires a movant to specify the elements as to which there is no evidence." *Jose Fuentes*, 418 S.W.3d at 286 (citing TEX. R. CIV. P. 166a(i)). "We apply the rule strictly so as not to deprive litigants of their right to a full hearing on the merits of any real issue of fact." *Id.* "The underlying purpose of this requirement 'is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment.'" *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (quoting *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)).

2. Application of Law to Facts

Maximus contends the fraud claim "was not the subject of the motion," and summary judgment was granted in error because the KTN entities did not amend or supplement the motion for summary judgment after the fraud claim was pleaded. The KTN entities contend that the motion was "broad enough to encompass the fraud claim" and "attacked an essential element" of fraud, as required by Rule 166a(i), when it stated, in part, "Maximus has no evidence (and certainly not clear and convincing evidence) that Maximus suffered any harm as a result of fraud, malice, or gross negligence."[2] In response, Maximus contends "the entire section of [the motion] purportedly supporting the summary judgment on fraud was really limited to only exemplary damages and 'fraud' was only mentioned as a recitation of the statute."

Maximus added the claim for fraud against the KTN entities in its seventh amended petition, which was filed after the motion for summary judgment. The motion for summary judgment was not subsequently amended or supplemented. In oral arguments, the KTN entities asserted that the element of fraud addressed in their motion is "harm," which they contend is the equivalent of "injury." "Injury" is an element of fraud long acknowledged by our appellate courts.[3] However, the KTN entities have not cited any authority, and we have found none, that identifies the element of "injury" as the equivalent of "harm." Moreover, we note that the quoted language from the motion does not suggest in any way that "harm" is an element of fraud. Rather, it merely recites language from section 41.003 of the Civil Practices and Remedies Code as follows, "Maximus' claim for exemplary damages fails as a matter of law, because Maximus

---

[2] On appeal, the KTN entities also argue that "the motion attacked an essential element that is common to the existing claims and the newly added fraud claim" by "assert[ing] that there was no evidence of damages on claims asserted by Maximus," citing portions of the summary judgment motion that claimed Maximus had no evidence of damages from tortious interference and breach of contract. The KTN entities do not cite any authority supporting this contention. A ground asserted in the motion must "conclusively negate a common element of the newly and previously pleaded claims," not merely "attack" a common element. *See Callahan*, 397 S.W.3d at 350.

[3] *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)) ("A fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'").

–7–

has no evidence (and certainly not clear and convincing evidence) that Maximus suffered any *harm as a result of fraud, malice, or gross negligence*." (emphasis added). That language uses the word "harm" to describe the predicate for recovery of exemplary damages: that is, the party seeking exemplary damages must "prove[] by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a).

Rule 166a(i) requires the movant to clearly and specifically articulate the element of the claim, fraud in this case, regarding which it contends there is no evidence. *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence."); *Jose Fuentes*, 418 S.W.3d at 283–85. As we state in *Jose Fuentes*,

> the rule requires that each element challenged must be specifically identified as such, so the non-movant is not left to guess which elements the movant challenges. When a movant uses a word or phrase that does not clearly identify which element or elements the motion challenges, it is the obligation of the movant to provide a rational basis in the motion for the non-movant to eliminate other possible alternative meanings of the unclear identification of the challenged element or elements; otherwise, the motion is legally insufficient.

*Jose Fuentes*, 418 S.W.3d at 284. The KTN entities' no-evidence motion for summary judgment did not meet the requirements of Rule 166a(i) as to Maximus's fraud claim. *See* TEX. R. CIV. P. 166a(i). We conclude the no-evidence motion for summary judgment was legally insufficient to address the fraud claim. Accordingly, we decide Maximus's first issue in its favor.

### C. Aiding and Abetting Claim Against All Appellees

In its second issue, Maximus contends the trial court erred in granting summary judgment in favor of all appellees on its claim for aiding and abetting Castro's breach of fiduciary duty because "evidence was presented for each element defeating summary judgment." The appellees argue that Maximus's response did not comply with Rule 166a(i) "because it made no effort to

specifically identify evidence on each challenged element of the claim," and it did not offer evidence that "creates a fact issue on any of the elements of the aiding and abetting claim."

### 1. Applicable Law

To avoid summary judgment, Rule 166a(i) requires the responding party to "produce[] summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). The requirement is explained in the Supreme Court's comment to the rule as follows: "the respondent is not required to marshal its proof; its response need only *point out* evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt. (1997) (emphasis added). The Supreme Court has addressed the burden of the responding party to "point out" evidence supporting each challenged element. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In *Brewer & Pritchard, P.C.*, the Supreme Court observed, "While Brewer & Pritchard's response might have been more specific in addressing the elements of its conspiracy claim, the response was not wholly inadequate under Rule 166a(i)." *Id.* at 207. The Court went on to quote Rule 166a(i) and the comment to the rule. After describing Brewer & Prichard's discussion of the evidence it asserted supported each element of the conspiracy claim at issue, the Court said,

> Whether Brewer & Pritchard adequately pointed out evidence relating to challenged elements of the conspiracy cause of action is a close question. But we conclude that the summary judgment response met the minimum requirements of Rule 166a(i). Accordingly, the court of appeals could not affirm the trial court's judgment on the conspiracy claim because of a lack of specificity of the summary judgment response.

*Id.* at 207–08. In a later case, the Fourteenth Court of Appeals summarized how the summary judgment response in *Brewer & Pritchard, P.C.* addressed the elements of the conspiracy claim and "pointed out" pertinent evidence as follows:

> In *Brewer & Pritchard, P.C.*, the Texas Supreme Court held that a response with the following characteristics adequately pointed out evidence allegedly raising a fact issue as to the plaintiff's conspiracy claim:

- The response detailed evidence allegedly indicating that one alleged co-conspirator benefitted from the fee agreement of the other alleged co-conspirator, and after identifying this evidence, the response stated that "these facts clearly evidence a . . . scheme to funnel half of the referral funds through [one alleged co-conspirator] and then, back to [the other alleged co-conspirator]."

- The response stated that the plaintiff's conspiracy claim was based on one alleged co-conspirator's breach of a fiduciary duty owed to the plaintiff, and then the response set forth argument and authorities regarding the alleged fiduciary duty, including a statement that third parties may be liable for aiding and abetting a breach of fiduciary duty. The response then pointed to facts that allegedly showed a breach of fiduciary duty by one of the alleged co-conspirators.

*San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (internal citations omitted).

Four courts of appeal have addressed similar questions and discussed the conclusions stated in *Brewer & Pritchard, P.C.*[4] Two of these cases, *San Saba Energy* and *Aleman*, involve facts and analyses that are particularly helpful to the application of law involved in this case. *See Aleman*, 227 S.W.3d at 308–10; *San Saba Energy*, 171 S.W.3d at 330–32. In *San Saba Energy*, the plaintiffs brought, among several others, a claim for breach of contract against the defendant. *San Saba Energy*, 171 S.W.3d at 327. The defendant filed a motion asserting several grounds for summary judgment on many of the plaintiffs' claims, including a no-evidence challenge to the damages element of the breach of contract claim. *Id.* at 327–28. Observing that the plaintiffs' response to the motion was "more deficient" than the response in *Brewer & Pritchard, P.C.*, the

---

[4] *See Holloway v. Texas Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 212 (Tex. App.—Tyler 2009, no pet.) (construing *Brewer & Pritchard, P.C.* and concluding the summary judgment response was inadequate under Rule 166a(i) because it did not contain "any discussion of the element of proximate cause that points out evidence that raises a fact issue on that element"); *P-K Charter, Inc. v. Tumche Corp.*, No. 2-06-350-CV, 2007 WL 3037743, at *2–3 (Tex. App.—Fort Worth Oct. 18, 2007, no pet.) (mem. op.) (concluding the motion for continuance, which was filed in lieu of a response, was inadequate because it "contain[ed] no section that references any argument or authorities addressing the challenged elements or even mentioning the causes of action alleged in [the non-movant's] petition"); *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 309–10 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (construing *Brewer & Pritchard, P.C.* and concluding the response was adequate under Rule 166a(i)); *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *5 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) (construing *Brewer & Pritchard, P.C.* and concluding the response, which "contain[ed] no argument, and cite[d] to neither evidence nor authority," was inadequate); *San Saba Energy, L.P.*, 171 S.W.3d at 327 (construing *Brewer & Pritchard, P.C.* and concluding the response was inadequate under Rule 166a(i)).

–10–

Fourteenth Court of Appeals concluded it was inadequate under Rule 166a(i). *Id.* at 331. The plaintiffs' response "state[d] generally that the summary-judgment evidence raises fact issues as to all of the elements of all of their claims, and [it] incorporate[d] by reference more than six hundred fifty pages of evidence." *Id.* at 330–31. The court noted that "[a]lthough the response describes much of the evidence filed in response to [defendant's] motion, it does not state that any of this evidence raises a fact issue as to damages regarding the [plaintiffs' breach of contract claim]." *Id.* at 330. In *Aleman*, an employee appealed the trial court's no-evidence summary judgment in favor of the employer on the employee's negligence claim. *Aleman*, 227 S.W.3d at 308. On appeal, the employer argued that the employee's response to the motion was "patently inadequate" to address the challenged elements of breach and causation, but the First Court of Appeals, applying *Brewer & Pritchard, P.C.*, disagreed. *Id.* at 309. The court concluded the employee's "response recites a legal proposition followed by selected facts, similar to the response found adequate by the Supreme Court in *Brewer*." *Id.* at 310 (citing *Brewer & Pritchard, P.C.*, 73 S.W.3d at 207). The court noted that while the employee's response did not "expressly connect any specific fact to the specifically challenged elements," the fact that the motion challenged only two elements of the negligence claim and "the sheer brevity of the evidence cited serve[d] to adequately 'connect . . . the facts to the challenged elements of the causes of action.'" *Id.* (quoting *Brewer & Pritchard, P.C.*, 73 S.W.3d at 206).

## 2. Application of Law to Facts

The appellees moved for summary judgment on both traditional and no-evidence grounds. In the no-evidence motion, the appellees asserted that Maximus did not have evidence to support any of the elements of its aiding and abetting a breach of fiduciary claim. Specifically, the motion stated, "Maximus has no evidence that: (a) a fiduciary relationship

existed between Castro and Maximus; (b) Defendants knew of the fiduciary relationship between Castro and Maximus; and (c) Defendants knowingly participated in Castro's breach of his duty."

Maximus's response to the motion addressed the traditional and no-evidence motions together. It first addressed the aiding and abetting claim in a section titled, "Summary Of The Argument," under the subheading "Aiding and Abetting – KTN Knew Castro Was an Owner and/or Agent," as follows:

> The KTN Motion and the affidavits assert there was no knowledge that Castro was an owner of Maximus. The KTN Defendants did not have to know Castro was an owner since they knew he was an agent for Maximus. An agent owes a fiduciary duty to his principal. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200-202 (Tex. 2002). The aiding and abetting of an agent in breaching his duty to the principal is actionable. *Kinzbach Tool*, 160 S.W.2d 509, 511 (Tex. 1942). Such is clearly the case at hand for all the KTN Defendants.

In the same section, under the subheading "Evidence Supports Each Cause of Action and Punitive Damages," Maximus stated, "Presented below is evidence supporting each element of each cause of action. Likewise, the wrongful conduct outlined supports a jury submission as to punitive damages." Next, in a section titled, "Castro Known As Maximus Agent And/Or Owner," Maximus stated,

> In their affidavits, Faber and Vingerhoets claim they did not know Castro was an owner of Maximus. While the conclusory statements are inadmissible, they also are irrelevant. While Faber testified he thought Castro "was" Maximus, it is completely undisputed that all the parties knew Castro was the agent for Maximus. As such, they knew he was working on behalf of Maximus and they aided and abetted him in breaching his fiduciary duty to Maximus.

The response then recited case law regarding an agent's breach of fiduciary duty and the liability of a third party who knowingly participates in another's breach of his fiduciary duty. Maximus concluded this section by stating, "Faber, Vingerhoets, and the KTN Defendants were well aware that Castro was the agent for Maximus, the principal. As such, their self-serving inadmissible statements fail to absolve them of liability for their conduct." Next, Maximus identified its evidence in a section titled "Evidence Of Causes Of Actions," where it stated, "The

–12–

KTN Defendants have thrown in a perfunctory no-evidence motion, knowing there is evidence to at least raise a fact issue for each element." Without further explanation, in the space of approximately ten pages, Maximus cited deposition testimony of four witnesses, attaching copies of pertinent pages of those depositions, and described eighty exhibits, which were also attached. Finally, Maximus stated its contention that its response addressed each element of each claim as to breach of contract, quantum meruit, aiding and abetting, and exemplary damages. Specifically as to aiding and abetting, it said, "The above evidence conclusively establishes each element of the Plaintiff's claims for aiding and abetting by the KTN Defendants. Whether agent or owner, the KTN Defendants were aware Castro owed a fiduciary duty to Maximus. They knowingly assisted in his breach."

The appellees' no-evidence motion for summary judgment challenged all three elements of the aiding and abetting claim, so Maximus bore the burden to "point out" more than a scintilla of probative evidence concerning each element. *See* TEX. R. CIV. P. 166a(i); *Reese*, 148 S.W.3d at 99. As to the first and second element, the existence of the fiduciary relationship and the defendants knowledge of that relationship, the response merely stated that the appellees "knew" or "were aware" that Castro was an "agent" for Maximus. The response did not identify what evidence supported the conclusion that Castro was an "agent" or how the appellees "knew" this. *See Hennen v. Allstate Ins. Co.*, No. 13-12-00645-CV, 2013 WL 4773245, at *2 (Tex. App.—Corpus Christi Sept. 5, 2013, no pet.) (mem. op.) (citing *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 158 (Tex. 2012)) (concluding no-evidence summary judgment response was inadequate because the respondent's assertions supporting his claim were "conclusory and speculative and therefore no evidence").

On appeal, Maximus argues its response was sufficient because Castro was the only person at Maximus with whom the appellees dealt and that the contract identified Castro as a

"Managing Director." These assertions are not articulated in any of the discussion in the response. Maximus asserts those facts are contained somewhere in the ten pages describing the evidence filed or the eighty attached exhibits. However, to meet the requirement of Rule 166a(i) to "point out" evidence that an individual is an "agent," a respondent must at least state that Castro was an employee and "Managing Director," rather than leaving the trial judge with the "onerous task" of searching through the summary judgment evidence to see what, if anything, supports that legal conclusion. *See San Saba Energy*, 171 S.W.3d at 331 (concluding plaintiffs' response was inadequate despite their argument on appeal that an affidavit attached to the response "raise[d] a fact issue as to the challenged damage element" because "they never made this assertion in their summary-judgment response"). Moreover, a review of the response shows us that the third element, knowing participation, is not discussed. After describing the evidence being offered, Maximus merely stated that the appellees "knowingly assisted in [Castro's] breach." Maximus did not cite any authority, make any argument, or "point out" any evidence to support its contention that the appellees "knowingly assisted" Castro's breach. *See Holloway*, 282 S.W.3d at 212 (concluding a response was inadequate for failing to address the challenged element of proximate cause because the court could not "locate any discussion of the element of proximate cause that points out evidence that raises a fact issue on that element"); *Burns*, 2006 WL 461518, at *5 (citing *Brewer & Pritchard, P.C.*, 73 S.W.3d at 207–08) (concluding a summary judgment response was inadequate under Rule 166a(i) because it "contain[ed] no citation to any authority, no citation to specific evidence, no reference to any fact, and no argument").

We cannot make the observation that this is a "close question" as the Supreme Court did in *Brewer & Pritchard, P.C. See Brewer & Pritchard, P.C.*, 73 S.W.3d at 207–08. In its response, Maximus addressed at least six claims that we can identify from the record, aiding and

–14–

abetting breach of fiduciary duty, quantum meruit, interfering with contract, personal liability of officers for torts, punitive damages, and breach of contract. However, nowhere in its lengthy recitation of evidence did Maximus "point out" what evidence supported each element of the aiding and abetting claim. As described above, the portions of Maximus' response that discussed the aiding and abetting claim did not cite any evidence to support the assertions being made. The record before us is not similar to that in *Brewer & Pritchard, P.C.*, where the motion was directed toward conspiracy and breach of fiduciary claims and the respondent made specific references to the evidence as to each. *See id.* at 207; *San Saba Energy*, 171 S.W.3d at 331. Nor are we faced with a record as in *Aleman*, where the court of appeals determined that the party proceeded in a manner similar to the respondent in *Brewer & Pritchard, P.C.*, did not expressly connect any specific fact to the challenged elements, but because there were only two challenged elements, breach of duty and causation, "[t]he sheer brevity of the evidence cited serve[d] to adequately 'connect . . . the facts to the challenged elements of the causes of action.'" *Aleman*, 227 S.W.3d at 310 (quoting *Brewer & Pritchard, P.C.*, 73 S.W.3d at 207). Rather, we have before us a record where the respondent, Maximus, recited a large amount of evidence but gave no direction as to what evidence supported which of the six claims it addressed. A court is left to ponder what evidence, if any, supports any claim.

We recognize that, under *Brewer & Pritchard, P.C.*, to satisfy the requirement that a respondent "point out" evidence supporting a claim, it is not necessary for the response to address the evidence and the claims by laying out each element of each claim and matching up the evidence to each element. *See Brewer & Pritchard, P.C.*, 73 S.W.3d at 207–08. However, one must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that "[t]he above evidence conclusively establishes each element of the Plaintiff's claims for aiding and abetting by the [appellees]." *See*

*San Saba Energy*, 171 S.W.3d at 331 (reasoning that "holding that a nonmovant can avoid summary-judgment by filing voluminous and complicated summary-judgment evidence along with a response that states generally that a genuine fact issue has been raised as to each element. . . . would place an unreasonable burden on the trial court and would violate the requirement of Rule 166a(i) that the response must point out evidence that raises a genuine issue of fact as to each challenged element"). We conclude that Maximus's response to the no-evidence summary judgment motion was insufficient under the requirements of Rule 166a(i). *See* TEX. R. CIV. P. 166a(i); *San Saba Energy*, 171 S.W.3d at 330–31.

Additionally, we address the traditional motion for summary judgment filed by the appellees. The part of appellees' motion for summary judgment that it characterized as traditional asserted that "the evidence proves that [appellees] did not know that a fiduciary relationship existed between Castro and Maximus and, thus, could not have knowingly participated in Castro's alleged breach." The affidavits filed by Faber and Vingerhoets in support of the motion state that they "did not know" and "still do not know whether Castro owed any fiduciary duties to Maximus." No contrary evidence was offered in Maximus's response. *See* TEX. R. CIV. P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."); *Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex. 1989) (affirming summary judgment in favor of defendants because defendants' affidavits filed in support of motion negated the actual malice element of defamation, and plaintiff "presented no controverting proof"). Maximus simply argued in a general way that "all the parties knew Castro was the agent for Maximus" and "[w]hether agent or owner, the KTN Defendants were aware Castro owed a fiduciary duty to Maximus." However, no evidence is identified by which a trial court

could determine the existence of a material issue of fact as to the knowledge element of the aiding and abetting claim. *See Ellis v. Renaissance on Turtle Creek Condo. Ass'n, Inc.*, 426 S.W.3d 843, 855 (Tex. App.—Dallas 2014, pet. denied) ("[Nonmovant's] argument in his summary judgment response does not constitute evidence and therefore cannot raise a fact issue").

The only specific response Maximus made to the affidavits was to raise objections in the trial court contending that certain paragraphs are "inadmissible parole evidence and . . . self-serving conclusory statements." The record does not show that the objections were ruled upon. On appeal, Maximus again contends that the affidavits are conclusory and also asserts that the testimony offered was irrelevant. As in the trial court, Maximus's argument that the affidavits are conclusory does not advise us what about the affidavits makes them conclusory.[5] Because Maximus describes no particular basis for this argument, it has been waived. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Radenovich v. Eric D. Fein, P.C. & Assocs.*, 198 S.W.3d 858, 861 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite authority or provide substantive analysis waives an issue on appeal."). Maximus asserts that "the affidavits are without relevance regarding the purported knowledge Faber (para. 7) and Vingerhoets (para. 5) deny because they are limited in time to August 2011, with significant aiding and abetting occurring after such date." Maximus does not accurately describe the evidence. In their affidavits, Faber and Vingerhoets state "until August 2011, Castro was the only person at Maximus that KTN had any contact with or knowledge of." However, Faber and Vingerhoets also state that they "did not know" and "still do not know whether Castro owed any fiduciary

---

[5] Maximus's appellate brief states the following: "First the affidavit statements of Faber and Vingerhoets constitute no credible evidence as they are conclusory and not readily controverted. [CR 456-463] Conclusory statements in affidavits are not competent evidence to support a summary judgment because they are not credible or susceptible to being readily contradicted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); TEX. R. CIV. P. 166a(c)."

duties to Maximus." Moreover, Maximus did not object to the relevancy of the affidavits at trial. *See Brown v. Bank of Am., N.A.*, No. 05-12-01382-CV, 2013 WL 6196295, at *3 (Tex. App.— Dallas Nov. 25, 2013, pet. denied) (mem. op.) (citing TEX. R. APP. P. 33.1) (rejecting appellant's relevancy argument "for lack of preservation" when appellant argued on appeal that bank's summary judgment evidence was irrelevant but did not object to the evidence in the trial court). Accordingly, we reject Maximus's relevancy argument.

The appellees' evidence negated the knowledge element of the aiding and abetting claim, and Maximus did not raise a genuine issue of material fact on that element. We conclude the trial court did not err in granting summary judgment in favor of all appellees on Maximus's claim for aiding and abetting Castro's breach of fiduciary duty. We decide Maximus's second issue against it.

### III. COURT COSTS

In its third issue, Maximus asserts the trial court erred in "assessing the court costs" against it. The trial court taxed the court costs against Maximus pursuant to Texas Rule of Civil Procedure 162, which states in relevant part, "Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against the dismissing party unless otherwise ordered by the court." TEX. R. CIV. P. 162. Because we reverse in part and remand, we also reverse the portion of the trial court's order taxing the court costs against Maximus and remand the issue for further consideration. *See id.*; *DeClaire v. G & B Mcintosh Family Ltd. P'ship*, 260 S.W.3d 34, 49 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (reversing the judgment of the trial court and remanding the issue of costs for further proceedings); *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 468 (Tex. App.—Dallas 2006, pet. denied) (same).

## IV. CONCLUSION

The trial court erred in granting summary judgment in favor of the KTN entities on Maximus's fraud claim because the no-evidence motion for summary judgment was legally insufficient to address the fraud claim. Accordingly, we reverse the trial court's summary judgment as to the fraud claim and remand to the trial court for further proceedings on this issue. We also reverse the portion of the trial court's order taxing court costs against Maximus and remand the issue for further consideration. We affirm the trial court's summary judgment in favor of all appellees as to the claim for aiding and abetting a breach of fiduciary duty.


/Douglas S. Lang/
DOUGLAS S. LANG
131688F.P05                                 JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAXIMUSALLIANCE PARTNERS, LLC,
Appellant

No. 05-13-01688-CV        V.

DAN FABER, FRANK VINGERHOETS,
ET AL., Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-16379-H.
Opinion delivered by Justice Lang. Justices
Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** the portion of the trial court's judgment that rendered summary judgment in favor of the appellees on appellant, MaximusAlliance Partners, LLC's fraud claim, and we **REVERSE** the trial court's judgment with respect to court costs. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of February, 2015.